IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT E. PAYNE,

      Petitioner,

  v.                                 CASE NO. 2:05-cv-00050

                                        JUDGE SARGUS
DAVID BOBBY, Warden,           MAGISTRATE JUDGE KING

      Respondent.

## OPINION AND ORDER

On February 27, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Doc. No. 20. On March 23, 2006, final judgment was entered dismissing this action without objections. Doc. No. 21. However, on May 19, 2006, final judgment of dismissal was vacated so that petitioner could file objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 24. On June 14, 2006, petitioner filed objections to the Magistrate Judge's *Report and Recommendations*. Doc. No. 27. After a *de novo* review of the entire record, and for the reasons that follow, petitioner's objections are **OVERRULED**.

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claims one through seven and claim nine; no objection is made to the recommendations as they relate to claims eight and ten.

In claims one and two, petitioner asserts that he was denied a constitutionally fair trial because the trial court denied his request for a severance of charges and his request for a severance

of his trial from that of the co-defendant. Petitioner objects to the Magistrate Judge's recommendation that these claims be dismissed on the merits. He again argues that lack of identification evidence in the State Employees Credit Union ("SECU") robbery and an "antagonistic defense" by co-defendant Williams mandated both severance of trial on the charges against him and severance of his trial from that of Williams. Upon review of the record, the Court does not agree. Disparity in evidence was not so substantial as to require severance of the charges against petitioner for trial. *See Webber v. Scott*, 390 F.3d 1169, 1177-78 (10th Cir. 2004). Similarly, the fact that co-defendant Williams had a prior record and gave an implausible explanation of how he came to be in possession of SECU bank robbery money did not mandate severance of trials under *Bruton v. United States*, 391 U.S. 123 (1968). As noted by the state appellate court, *Bruton* involved admission of a non-testifying co-defendant's confession at a joint trial implicating the defendant in committing a robbery. *Id.,* at 124. The United States Supreme Court held that, under such circumstances, a severance of trials was required because admission of a co-defendant's statements violated the defendant's right to confront witnesses regardless of any limiting instruction from the trial court. *Id.,* at 136-37. Such are not the circumstances here.

In claim three, petitioner asserts that he was denied a fair trial due to impermissibly tainted in-court identifications of him as the perpetrator of the Gracie's Flower Market and Village Petals robberies. Petitioner objects to the Magistrate Judge's recommendation that this claim be dismissed on the merits. Petitioner contends that the Magistrate Judge "utilizes... an incorrect analysis from the record," *Objections*, at 7, to conclude that Mindy Bates' identification of him as the gunman of the Gracie's Flower Market robbery is not constitutionally prohibited. Petitioner again argues that federal law mandates suppression of Bates' in-court identification. Petitioner states that

2

> The Magistrate ignored the same type of identification of Williams
> who was in custody after being rousted from his sister's home. Ms
> Bates had the scar on the wrong arm and was much less graphic in her
> description.

*Objections,* at 7.  After a careful review of the record, this Court agrees with the conclusions of the

state appellate court and the Magistrate Judge that petitioner's claim that he was denied fair trial by

admission of Bates' identification of him as the gunman who robbed Gracie's Flower Market is

without merit.  Whether or not identification(s) of the co-defendant were admissible is not relevant

to the determination of whether the totality of circumstances indicate that the in-court identification

of petitioner by Bates was reliable. *See Ledbetter v. Edwards,* 35 F.3d 1062, 1070 (6th Cir.

1992)(citations omitted).  Moreover, for the reasons discussed in the *Report and Recommendation*

at 20-23, this Court agrees that the record simply fails to reflect that the identification of petitioner

by Bates was constitutionally prohibited, or that the state court's decision denying this claim was so

unreasonable as to justify federal habeas corpus relief.  *See* 28 U.S.C. §2254(d), (e); *Williams v.*

*Taylor,* 529 U.S. 362, 412-13 (2000).

Petitioner asserts in claim three that out-of-court identifications of him by Chris Fryman and

Betty Athey from a photo line-up as the perpetrator of the Village Petals robbery were

constitutionally prohibited because Fryman and Athey subsequently were unable to identify him in

court.  The state appellate court dismissed this claim in relevant part as follows:

> Defendant also challenges the photo arrays which were shown to
> Fryman and Athey.  He contends that they were "obviously
> meaningless."  Defendant contends that it was obvious that the
> pictures in the photo array were mug shots and that little was done to
> ensure an impartial identification.  This court disagrees.
>
> Both Fryman and Athey identified defendant when they were shown
> the photo array.  Defendant appears to argue that, since it was

3

> apparent that the photos came from mug shots and since neither Fryman nor Athey could identify defendant in court, the photo array was obviously not impartial. The trial court had the opportunity to view the photo array and the photo array itself was not presented as evidence during the trial. This court finds that defendant has not demonstrated that the trial court erred and abused its discretion by permitting the testimony from both the police officer, as well as Fryman and Athey, that they had identified defendant from the photo array.

Exhibit 20 to Return of Writ.  However, despite the state appellate court's statement that "Athey... had identified defendant from the photo array," petitioner does not refer to, and this Court is unable to locate in the trial transcript, any testimony indicating that Athey actually identified petitioner as one of the robbers of Village Petals. Thus, the state appellate court's statement to the contrary appears to be in error and an unreasonable determination of the facts in light of the evidence that was presented.  28 U.S.C. §2254(e).

In its dismissal of another of petitioner's claims the state appellate court correctly stated that Athey was unable to identify petitioner from the photo line up:

> Defendant contests that... Fryman and Athey were permitted to speculate regarding their identification of defendant.... Fryman was able to identify defendant from the photo array but was unable to identify him in court. Athey was unable to identify anyone from the photo array, then indicated in court that Williams looked familiar to her.

*Id.*

The record reflects that Athey never identified petitioner as one of the robbers:

> Q. Did the police... within a few weeks after, ever come back and ask you if you recognized anyone from photographs?
>
> A. Yes.
>
> Q. Okay. And did you make a selection of anyone –

4

A. No.

*Transcript*, at 1185.

[On cross-examination]:

Q. Ms. Athey, I'm going to hand to you what has been marked Defendant's Exhibit Number B, ask you to take a look at that.

Do you recall seeing that last year?

A. Yes.

Q. And can you tell me what that is that you are looking at?

A. It's pictures of six men.  I assume it's mug shots, I guess would be what you could call it.

Q. When did the police show you this photo array last year?

A. It was probably two or three days after the burglary took place.

Q. And do you recall selecting anyone in that photo array after you reviewed it?

A. ... I picked a person.  I couldn't tell you which one I picked off of this page now.  But I picked a person off the page and the detective says I hadn't picked the right one after he had showed me three pages.


\*\*\*

Q. ... [Y]ou did not pick anyone out of the photo array last year a couple days after the robbery?

A. No.

*Id.*, at 1197.  Detective Gary Hall stated at the motion to suppress hearing that Athey had been unable

to make any identification of petitioner from the photo array. *Id.*, at 270-71.  Hall did not testify at

trial. As discussed by the state appellate court, Athey testified that co-defendant Williams "looked

5

familiar to" one of the robbers. *Id.*, at 1189. She was not sure. *Id.*, at 1209.

In sum, and in light of the actual testimony at trial, petitioner's claim that he was denied a fair trial because the trial court permitted testimony that Athey had identified petitioner as a perpetrator of the Village Petals robbery is without merit.

Petitioner also asserts in claim three that he was denied a fair trial by the admission of testimony that Fryman identified petitioner from a photo line-up as the gunman of the Village Petals robbery when Fryman was thereafter unable to identify petitioner at trial. In his objections, petitioner argues:

> Photo Arrays, when not suggestive in themselves, do not serve to aid the process because unlike a show-up, the person is not in full view, nor do the witnesses hear them speak. To allow such identification when the victim cannot in court identify the accused, is fundamentally unfair and denies petitioner due process under the 5th and 14th Amendment to the Constitution of the United States.

*Objections*, at 8. However, again, despite the state appellate court's inaccurate reference to police testimony indicating that Fryman had identified petitioner from a photo line-up, petitioner does not refer to any such testimony by police, nor is this Court able to locate any such testimony in the trial transcript. Detective Gary Hall did testify at the motion to suppress hearing that Fryman identified petitioner from the photo line-up as one of the perpetrators of the Village Petals robbery, *id.*, at 194; however, the record does not reflect that Hall testified at trial. Again, therefore, the state appellate court's statement indicating that the trial court permitted police testimony regarding Fryman's identification of petitioner from a photo line-up appears to be in error and an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(e).

Fryman, however, did testify that he had previously identified petitioner from a photo line-up:

6

Q. Do you remember a detective showing you a series of photos?

A. Oh, yes.

Q. Did you pick out a person?

A. Yes.

Q. And which, the gunman or the other person?  Which person did you pick out?

A. The guy with the gun that came in first.  That's the only one I ever saw.

Q. If you saw him again, do you think you might recognize him?

A. I think so.

Q. Can you look around the courtroom today and see if you see him here?

A. (Indicating).  I think, I'm not sure.

[Prosecutor]: May the record indicate that he has pointed at Scott Payne as the person he thinks.

(Objection).

*Id.*, at 1121-22.  On cross examination, Fryman admitted that he had been unable to give a physical description of either of the robbers to police, other than the fact that they were black and wearing dark clothes.  *Id.*, at 1133-34.

Q. And here today, you really can't be sure of any identification of either one of these two men; is that correct?

A. Yes.

***

Q. To be candid, you can't identify anyone, is that correct?

7

A. Yes.

*Id.*, at 1134-35.

As discussed in the Magistrate Judge's *Report and Recommendation* at 23-24, and contrary to petitioner's allegation here, the record fails to reflect that the photo line-up from which Fryman identified petitioner was unduly suggestive. Additionally, this Court is unaware of any Supreme Court authority standing for the proposition that Fryman's testimony that he had previously identified petitioner was constitutionally prohibited simply because Fryman was unable to identify petitioner at trial. Other courts to consider similar identification issues have held that no constitutional violation occurs when a prosecutor shows a witness a photograph of the defendant to facilitate an in-court identification, merely because the witness, as it turns out, is unable to do so, *see Anderson v. Superintendent, Elmira Correctional Facility*, 360 F.Supp.2d 477, 487 (E.D.N.Y. 2005), and that no constitutional violation occurs when a witness who has been unable to make any pre-trial identification, or who made a different identification, identifies the defendant at trial. *See Howard v. Bouchard*, 405 F.3d 459, 484-85 (6th Cir. 2005).

> An earlier failure to identify can be considered in judging the weight of the in-court identification and may be considered as one factor affecting the reliability of the earlier identification. Standing alone, it does not make the earlier identification unreliable under the *Biggers/Manson* due process inquiry.

*Id.; see also Young v. Mullin*, unpublished, 2005 WL 1828542 (W.D. Oklahoma July 29, 2005)(in-court identification not unreliable based on earlier inability to make identification).

> Such evidence is for the jury to weigh. We are content to rely upon the good sense and judgment of American juries, for evidence with some element of untrustworthiness is customary grist for the jury mill. Juries are not so susceptible that they cannot measure intelligently t he w eight o f i dentification t estimony that h as s ome

8

questionable feature.

*Id.,* citing *Manson v. Brathwaite,* 432 U.S. 98 (1977). Similarly, this Court concludes that it was for

the jury to properly determine the weight to give Fryman's earlier identification of petitioner as one

of the Village Petals robbers when he admitted at trial that he was uncertain of his identification.

For all the foregoing reasons, the Court concludes that petitioner's claim three is without merit.

In claim four, petitioner asserts that he was denied a fair trial because the trial court refused

to suppress evidence obtained in violation of the Fourth Amendment. Petitioner objects to the

Magistrate Judge's recommendation that this claim be dismissed as inappropriate for federal habeas

corpus review. Petitioner argues that the Magistrate Judge erroneously applied *Stone v. Powell,* 428

U.S. 465, 494 (1976), and again asserts that the state courts improperly applied federal law in

denying his Fourth Amendment claim. This Court is not persuaded by petitioner's arguments. As

discussed by the Magistrate Judge, *Report and Recommendation,* at 25-26, the record does not

reflect that the state courts failed to provide petitioner a full and fair opportunity to litigate his Fourth

Amendment claim. Further, the United States Court of Appeals for the Sixth Circuit has held that

a federal habeas court may not second guess a state court's decision on such issues. *See Gilbert v.

Parke,* 763 F.2d 821, 824 (6th Cir. 1985).

In claim five, petitioner asserts that the evidence was constitutionally insufficient to sustain

his convictions on the aggravated robbery, robbery, and kidnapping charges involving Ed

Maleszewski and the SECU. Petitioner objects to the Magistrate Judge's recommendation that this

claim be dismissed on the merits. Petitioner again argues that there was a "total lack of evidence

tying" him to the SECU robbery. *Objections,* at 11. In support of this c laim, i n addition to

arguments previously made, petitioner states that bank teller Molly Graham was unable to identify

9

petitioner as one of the perpetrators. *Objections,* at 10-11. Nonetheless, as detailed in the *Report and Recommendation*, at 27-32, the record reflects that, when viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia,* 443 U.S. 307, 319 (1979), the evidence was constitutionally sufficient to sustain petitioner's convictions.

> Maleszewski indicated that photos five and six were close in appearance to those who had robbed him. Photo five was of defendant. The camera outside the SECU took a picture of two men taken shortly before the robbery. According to the trial judge, the photo bore a reasonable resemblance to defendant and Williams. In a general sense, defendant and Williams matched the description of the men who had robbed the credit union, including the general description of the clothing which they were wearing. The automobile used in the SECU robbery was registered to Williams' brother, and Williams and defendant were in that car when it crashed in Guernsey County. Furthermore, defendant and Williams were found in possession of a large sum of money taken from the credit union, which also contained bank bands and dye packs.

Exhibit 20 to Return of Writ. Petitioner has failed to establish that the state court's decision denying his sufficiency of evidence claim was so unreasonable as to warrant federal habeas corpus relief. 28 U.S.C. §2254(d), (e); *see Williams v. Taylor, supra.*

In claim six, petitioner asserts that he was denied a fair trial by admission of fingerprint evidence in violation of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592-93 (1993). Petitioner objects to the Magistrate Judge's recommendation that this claim be dismissed on the merits. He again argues that fingerprint evidence is scientifically unreliable, and that the State failed to present any evidence supporting the reliability of the fingerprint evidence in this case. This claim is without merit. *Daubert v. Merrell Dow Pharmaceuticals, Inc., supra,* does not govern admission of fingerprint evidence in state court proceedings. *See Norris v. Schotten,* 146 F.3d 314, 335 (6th Cir. 1998); *Kelly v. Larkins,* 251 F.3d 408, 419 (2nd Cir. 2001); *Kinder v. Bowersox,* 272

F.3d 532, 545 n.9 (8ᵗʰ Cir. 2001). Further, the record fails to reflect that the trial court's admission of fingerprint evidence was so prejudicial as to deny petitioner a constitutionally fair trial. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6ᵗʰ Cir. 1988); *Walker v. Engle*, 703 F.2d 959, 962 (6ᵗʰ Cir. 1983).

In claim seven, petitioner asserts that imposition of maximum and consecutive sentences constitutes cruel and unusual punishment. He objects to the Magistrate Judge's recommendation that this claim be dismissed on the merits. He again argues that the trial court's imposition of 52 years constitutes cruel and unusual punishment. For the reasons discussed in the Magistrate Judge's *Report and Recommendation*, at 40-42, however, petitioner's claim is without merit.

In claim nine, petitioner asserts that he was denied a constitutionally fair trial due to evidentiary rulings regarding admission of testimony by Ed Maleszewsi, Chris Fryman, and Betty Athey, and Officer William Kaufman. Petitioner objects to the Magistrate Judge's recommendation that this claim be dismissed on the merits. Again, for the reasons discussed by the Magistrate Judge, this Court likewise concludes that this claim is without merit. Federal habeas review of state court evidentiary rulings is extremely limited. The record fails to reflect that any of the errors alleged deprived petitioner a fundamentally fair trial. *See Waters v. Kassulke, 916 F.2d 329, 335 (6ᵗʰ Cir. 1990); Cooper v. Sowders, supra; Walker v. Engle, supra.* Further, to the extent that petitioner raises issues regarding improper admission of testimony by Officers Boespflug and Kauffman, and improper cross-examination of co-defendant Williams regarding his prior armed robbery conviction, such issues were not previously raised by petitioner and will not now be considered here.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. Based upon the foregoing, and for the

11

reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, all of petitioner's

objections are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby

**DISMISSED**.

The Clerk is **DIRECTED** to enter final judgment dismissing this case.

9-5-2006

EDMUND A. SARGUS, JR.
United States District Judge